IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 22 CR 610 |
| | ) | |
| DARIOUS ROBINSON | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

At the March 4, 2025 hearing in this case, defendant Darious Robinson clarified that in addition to challenging the warrant authorizing a buccal swab, he also is challenging the warrant authorizing the government to pluck pubic hairs from him. The Court addresses that issue in this order, as well as Mr. Robinson's more general contention that the government has engaged in a wide range of prosecutorial misconduct that should require dismissal of the indictment against him.

1. **Warrant for pubic hairs**

Preliminarily, the Court notes—as it did in its March 4 memorandum opinion and order—that the pubic hair evidence in this case appears to be *favorable* to Mr. Robinson: the hair or hair portion said to have been found on the victim's clothing *did not match Mr. Robinson*. And this was found out as a result of comparison with hairs obtained via the very warrant that Mr. Robinson is now attacking. For this reason, it is not entirely clear why Mr. Robinson would be asking to suppress evidence obtained from that warrant. But the Court will proceed ahead nonetheless.

As the Court stated in its March 4 opinion, to obtain a hearing on a request to

suppress evidence obtained under a search warrant due to misrepresentations, Mr. Robinson must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

The Court has reviewed the application for the pubic hair warrant. *See* dkt. 33. The Court sees only one representation that can plausibly be claimed to be a false statement. It concerns the number of pubic hairs recovered from the victim's clothing. Paragraph 26 of the warrant application reads as follows:

> 26. On April 27, 2023, the FBI Laboratory issued a report related to the clothing recovered from Victim. The laboratory report states that a pubic hair recovered from the clothing exhibits characteristics of African ancestry. The laboratory report states that the hair is suitable for meaningful comparison and potentially suitable for DNA comparison to a known sample.

Dkt. 33 ¶ 26.

The April 27, 2023 laboratory report, as discussed in the Court's March 4 opinion, referred to a "pubic hair portion" that "exhibits characteristics of African ancestry" and that was "suitable for meaningful microscopic comparison purposes." Gov't Resp. to Def.'s Mot. to Dismiss, Ex. 5 at 3. That is consistent with what the warrant application says. The only difference is that the lab report refers to a "hair portion," whereas the warrant application refers to a "hair." But that difference doesn't make the warrant application false, and the very slight difference is not material in any event. The warrant for pubic hairs would have been issued one way or the other—in other words, even if the application had referred to a "hair portion" that was suitable for comparison.

One other potential discrepancy between the April 27, 2023 lab report and the

2

warrant application is that the warrant application does not mention the two "transitional pubic hairs" that were also recovered. The April 27, 2023 lab report said that these hairs had "limited suitability for meaningful microscopic comparison purposes" but "have roots that are potentially suitable for nuclear DNA analysis." *Id.* But the omission of this information from the warrant application did not make the warrant application false. And in any event, the omission certainly was not material: if this information had been included, it would have provided *even more reasons* why it was appropriate to issue the warrant to obtain pubic hair from Mr. Robinson.

For these reasons, Mr. Robinson's challenge to the pubic hair warrant lacks merit.

**2.     Prosecutorial misconduct**

More generally, Mr. Robinson contends that the government has engaged in a repeated course of misconduct in its investigation and prosecution of this case that should call for dismissal of the indictment. As the Court has discussed both in its March 4 order and in this order, Mr. Robinson's claims of misconduct do not have merit as a basis for dismissal of the charge against him. Specifically: (1) the applications for the buccal swab and pubic hair warrants did not include material misrepresentations or omissions; (2) Mr. Robinson's claim of improper arrest and detention—assuming it was improper, which the Court has not found—would not entitle him to dismissal of the charges; (3) his claims of insufficiency of the evidence and misleading evidence presented to the grand jury and in the preliminary hearing does not entitle him to dismissal; (4) he has not shown any material misrepresentations or other misconduct related to the pubic hair evidence; and (5) the government has not caused any

violations of Mr. Robinson's speedy trial rights.

That aside, even if Mr. Robinson were able to show that the government had engaged in misconduct, it would not entitle him to dismissal. The Seventh Circuit has repeatedly ruled that "outrageous government conduct" is not a defense to a criminal charge. *See, e.g., Conley v. United States*, 5 F.4th 781, 799 (7th Cir. 2021) (citing numerous other cases).

## Conclusion

For these reasons and those stated in the Court's March 4, 2025 opinion, the Court denies Mr. Robinson's motion to dismiss and overrules his challenges to the buccal swab and pubic hair warrants.

Date: March 20, 2025

_____
MATTHEW F. KENNELLY
United States District Judge